# United States Court
## District of Oregon

| | |
|---|---|
| PRO-SE | Civil Action No 3:18-cv-2224-SI |
| Jason Paul Schaefer, Plaintiff, | |
| -v- | |
| Detective Harris of the Westside Inter-Agency Narcotics Task Force, (WIN), SGT Kramer, WIN, Sergeant (Sgt) Condon, Lt. McGranahan, Officer Nomako, Detective Hoskins, Officer Coulson, Jeff Gill, Federal Officers Wade Mutchler and Craig Mueller, 1-5 unknown Portland Police officers, 1-10 unknown Environmental Protection Agency (EPA) Agents, 1-5 unknown FBI Agents, one unknown Washington County District Attorney, 2 unknown Beaverton Police officers, Defendants. | Formal Civil Complaint |

# I. Jurisdiction

1. This is a Section 1983 and/or Bivens action, as all Defendants were acting under color of State or Federal law.

2. These Courts may also have jurisdiction in that all defendants conspired to violate plaintiff's rights.

3. Because the events described herein occured in the State of Oregon, the District of Oregon Court is an appropriate venue.

# II. PLAINTIFF

4. Plaintiff Jason Schaefer was residing in Beaverton, Oregon at the time of the events described herein, although plaintiff was primarily a resident of the State of New York.

5. Plaintiff Jason Schaefer was living at the Andover Park Apartment Complex in Beaverton, Oregon for vacation.

# III Defendants

6. Defendants are members of numerous State and Federal Agencies, who violated plaintiff's rights on two dates described herein.

7. Defendant Harris is a Detective of the Westside Inter-Agency Narcotics Task Force.

8. Defendant Kramer is a Sergeant in the Westside Inter-Agency Narcotics Task Force (W.I.N).

9. Defendant Condon is a Sergeant, presumptively in an Oregon police force.

10. Defendant McGranahan is a Lietenant with an on-scene police Agency.

11. Defendant Nomako is an Officer in the Beaverton Police Department.

12. Defendant Hoskins is a Detective in the Beaverton Police Department.

13. Defendant Coulson is a Beaverton Police officer.

14. Defendant Gill is a Beaverton Police officer.

15. Defendant Mutchler is a Special Agent Bomb Technician with the F.B.I.

16. Defendant Mueller is an F.B.I. Agent.

17. 1-10 Unknown Portland Police Bureau officers must

be determined through Discovery and Trial.

18. 1-10 unknown E.P.A. agents must be determined through discovery and Trial.

19. 1-5 unknown F.B.I. Agents must be determined through Discovery and Trial.

20. One Washington County District Attorney must be determined through Discovery and Trial.

21. Two unknown Beaverton police Department officers must be determined through discovery and trial.

22. Due to the scope of this or these Allegations, other Defendants may also need to be determined through discovery and Trial.

23. Each Defendant is being sued individually and in their official capacities.

24. Defendants are sued jointly, and severally.

IV. FACTS

25. At all times described herein, from the months of November of 2016 to April of 2017, Plaintiff was a tenant of Andover park Apartments in Beaverton,

Oregon.

26. Plaintiff's apartment was rented with a Detached Garage, which was private and private property.

27. In or around March of 2017, two unknown Beaverton police officers pounded on plaintiff's door at a late hour.

28. Plaintiff had closed the detached garage for the night, but Plaintiff noticed it had been opened.

29. The two Defendant police officers described to plaintiff receiving a call of suspicious activity, and how they had "Gone through" the garage and rummaged around.

30. The two Defendants also told plaintiff that they had no warrant, had found nothing illegal, and had no reason to be talking to him at the late hour.

31. Plaintiff closed his garage door again, and went back to sleep.

32. On April 6th, 2017, Plaintiff awoke, again, to pounding on his front door and someone yelling

through the door, "Police! Open up!"

33. They would not stop, and plaintiff feared they would break the door down.

34. Rather than have his door broken down, Plaintiff opened the door.

35. Plaintiff could immediately see that someone had opened his garage door, and Police Defendants and E.P.A. Defendants were swarming around and in plaintiff's private garage.

36. Various Defendants told Plaintiff that they were cleaning mercury found in his private garage.

37. Plaintiff told Defendants that mercury was easy to clean, and that plaintiff would do it himself.

38. Defendants said that Plaintiff didn't have a choice, they were cleaning it.

39. Defendants were trying to grab Plaintiff.

40. Plaintiff asked if he was being arrested, and Defendants said "No, buddy" and proceeded to SLAM Plaintiff against a railing on a balcony, nearly throwing Plaintiff

off and bruising his back.

41. Plaintiff was booked into a psychiatric wing in the hospital.

42. The Doctor at the hospital said plaintiff didn't exhibit symptoms requiring plaintiff to be at the hospital, and that police were probably just figuring out what to charge plaintiff with, if anything.

43. Defendant Harris began pestering and badgering plaintiff for information. Plaintiff told Defendant Harris that he would need an Attorney.

44. Defendant Harris continued to harrass plaintiff about wanting to go in plaintiff's apartment, but plaintiff was Adament that they could not.

45. Apparently, All Defendants conspired with Defendant Washington County District Attorney to enter plaintiff's Apartment Anyway, without a warrant.

46. Multiple Defendants Entered plaintiff's apartment without a warrant, including Defendant Mutchler and Defendant Mueller.

47. They conducted a thorough search, even overturning

and damaging Plaintiff's Furniture.

48. Plaintiff had several religious, endangered Tabernanthe Iboga plants in hydroponic chambers, and they were labeled.

49. Defendants, including E.P.A. agent-Defendants, failed to protect these environments, and the endangered plants died.

50. Defendants of the Westside Inter-Agency Narcotics Task Force also entered and pillaged the Apartment.

51. Most of Plaintiff's possessions were stolen, either during the search, or afterward, due to Defendants not locking Plaintiff's door.

52. Plaintiff was a liscensed cannabis grower, and all the plants were damaged by Defendants. This was confirmed by Plaintiff's parents, who rushed into Portland to try to save Plaintiff's belongings.

53. Defendants discovered nothing illegal in the Apartment.

54. E.P.A. Defendants "confiscated", wrongfully, a

chemical Lab owned by plaintiff.

55. Defendants Mutchler and Mueller knew, and admit to knowing, that plaintiff's Lab was being used to search for a cure for addiction, yet they entered him and his Lab activities into a Government Database called "Gaurdian", that is meant only for terrorists.

56. Plaintiff was entered into a similar Database called "PIUS", and this may have resulted in other government agents being involved with plaintiff's life and/or "undercover" activity.

## V. LEGAL CLAIMS

57. Plaintiff restates and incorporates by Reference paragraphs 1-56 with the full force and effect as if they were restated here.

58. Two unknown Beaverton Police officer Defendants violated plaintiff's rights under the Fourth Amendment when they entered and searched plaintiff's private Garage without a warrant, this invaded plaintiff's privacy, caused him emotional distress, extreme Alarm, fear and paranoia.

59. Various Defendants violated plaintiff's rights under the First and/or Fourth Amendment when they pounded repeatedly and excessively on plaintiff's Door and yelled at him, April 6th 2017. They effectively wrongfully and falsely arrested, imprisoned and/or seized plaintiff and harassed him. This caused plaintiff extreme alarm, fear, emotional distress and invaded his privacy.

60. Various Defendants violated plaintiff's rights to Liberty under the First and/or Fourth Amendment when they falsely arrested him and left him at the hospital. This caused plaintiff extreme emotional distress, damage to reputation and damage to livelihood.

61. Defendants used Excessive Force in grabbing plaintiff and throwing and slamming him against a balcony railing. This violated plaintiff's rights under the First, Fourth, Eighth and/or Fourteenth Amendment and caused plaintiff pain, suffering, emotional distress, fear in contemplation of Death, extreme alarm.

62. Defendant Washington County District Attorney violated plaintiff's rights when he conspired with other Defendants to illegally enter and search plaintiff's apartment without a warrant. Defendant W.C.D.A. should have prevented other defendants from doing so. This violated plaintiff's rights under the Fourth, and/or Fourteenth

Amendment, and caused plaintiff emotional distress, mental anguish, and caused property loss. It also damaged plaintiff's relationship with his government.

63. Defendants violated plaintiff's rights under the First and/or Fourth Amendment when they illegally entered and conducted an "Open-Season" type search on plaintiff's apartment on April 6th, 2017. They invaded plaintiff's privacy, damaged his property and furniture, and caused plaintiff emotional distress and mental anguish.

64. Defendants acted negligently when they failed to lock plaintiff's front door. This led to all of plaintiff's belongings being stolen, and violated plaintiff's constitutional rights under the First and/or Fourth Amendment. This caused plaintiff property loss, emotional distress, and damage to livelihood.

65. Defendants violated the Endangered Species Protection Act and related International Law when they failed to protect the environment of the Endangered Iboga plants that were effectively Federal Property upon seizing the apartment. Defendants had a duty to do this, and have caused plaintiff emotional distress, and have damaged plaintiff's ability to practice his religion by destroying this impossible to replace Sacrament, and damage to reputation.

66. Defendant Mutchler and Mueller committed slander and/or libel when they entered information about plaintiff into "Terrorist-only" Databases. This has damaged plaintiff's reputation on a Global Scale, invaded his privacy, caused him emotional distress and constant Alarm, and violated his Constitutional rights under the First Amendment. This also violated the Privacy Act.

67. Defendant Huskins and/or Defendant Harris violated plaintiff's Fifth, Sixth and/or Fourteenth Amendment rights when they began badgering and Harrassing plaintiff after plaintiff requested an Attorney. This caused plaintiff emotional distress and mental Anguish.

68. Defendants, Particularly E.P.A. Defendants, Violated plaintiff's privacy rights when they repeatedly entered plaintiff's private garage to clean a small amount of mercury that plaintiff, a scientist, wanted to clean. This caused plaintiff damage to reputation, humiliation, emotional distress and violated his Fourth Amendment rights. It also caused property damage, as the mercury itself could have been preserved.

69. Information in the "DIUS" Database violates plaintiff's rights under the Privacy Act, as some of its available contents, however vague, relate to plaintiff's money transactions. This causes plaintiff

Mental Anguish, and are not needed by the Government, Defendants Mutchler and Mueller are responsible.

## PRAYER FOR RELIEF

70. Plaintiff seeks 8 million dollars compensatory Damage from each Defendant, jointly and severally, and

71. Plaintiff seeks 20 million dollars from each Defendant for Punitive Damages, jointly and severally, and

72. Plaintiff seeks a Trial by Jury, and

73. Plaintiff seeks Declaratory relief, and

74. The costs of this suit, and any other relief this Court Deems Just, Proper, and Equitable.

Respectfully Submitted to the Courts this December 19th, 2018.

Jason Paul Schaefer

## VERIFICATION

I swear the foregoing Complaint is true and Correct, under Penalty of Perjury. 12/19/18

Jason Schaefer 806826
11540 NE Inverness Dr.
Portland, Oregon 97220

Jason Schaefer