IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON PAUL SCHAEFER,

        Plaintiff,

v.

DETECTIVE HARRIS, et al.,

        Defendant.

Case No. 3:18-cv-02224-SI

ORDER TO DISMISS

SIMON, District Judge.

On February 12, 2019, the Court advised Plaintiff that if he wished to continue with this case, he must show cause why his Complaint should not be summarily dismissed. Specifically, the Court advised him that many of his claims surrounding issues of search, seizure, interrogation, arrest, and his confinement appeared to improperly challeng the legality of his current confinement. The Court also noted that his claims of excessive force during the course of his arrest appeared to be the subject

1 - ORDER TO DISMISS

of another pending lawsuit (*Schaefer v. Chedester, et al.*, 3:18-cv-1734-SI), and that the Environmental Protection Agency ("EPA") is immune from suit.

Plaintiff timely responded to the Order to Show Cause and asserts that: (1) the allegations of excessive force in this case involve a different arrest (4/6/2017) than the arrest at issue in 3:18-cv-01734-SI (10/11/2017); (2) even though he names the EPA as a Defendant, he does not wish to sue the agency itself and instead wishes to sue various unidentified employees; and (3) although *Heck v. Humphrey*, 512 U.S. 477 (1994), might bar the claim pertaining to his arrest, it does not bar his claims regarding an allegedly warrantless search and seizure of property because he has not been been criminally charged in connection with the search and seizure regarding his property. Taking all of Plaintiff's allegations as true, he nevertheless fails to state a claim upon which relief may be granted.

## DISCUSSION

### I. Standards

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon

2 - ORDER TO DISMISS

which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## II. Analysis

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution

3 - ORDER TO DISMISS

or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

In this case, Plaintiff makes a variety of allegations against unidentified individuals. Such allegations are insufficient to state a claim where he fails to describe how a named defendant personally participated in the deprivation of a federal right. Plaintiff is advised that a complaint must include a short plain statement of the facts, and describe how each named defendant personally participated in a federal deprivation.

4 - ORDER TO DISMISS

Plaintiff alleges that the Washington County District Attorney conspired to illegally enter and search Plaintiff's apartment without a warrant in violation of Plaintiff's Fourth and Fourteenth Amendment rights. Plaintiff fails to state a valid claim for pleading purposes because prosecutors are immune from such a suit. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997) (prosecutors are immune from suits for damages for acts undertaken in judicial capacity); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993) (same). In addition, this Court must abstain from issuing declaratory or injunctive relief that might impact a state-court proceeding. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004).

Plaintiff next claims that Defendants Mutchler and Mueller violated his rights under First Amendment when they entered information about him in databases intended to monitor terrorists. "The First Amendment securely protects the freedom to make—or decline to make—one's own speech[.]" *Eldred v. Ashcroft*, 537 U.S. 186, 191 (2003). Thus, even if these Defendants took the action Plaintiff alleges, the fact that law enforcement personnel entered Plaintiff's information into a

5 - ORDER TO DISMISS

federal database did not violate Plaintiff's First Amendment right to free speech.

Plaintiff also believes that Defendants Mutchler and Mueller violated the Privacy Act by placing his information in databases without his permission. A Privacy Act violation occurs only where an agency improperly discloses information already in a system of records, and does so willfully and intentionally, resulting in a specific harm to the aggrieved party. 5 U.S.C. § 552(a). Plaintiff's allegations do not support such a claim. Although he also contends that entering his information in a federal database without his permission constitutes defamation, this claim not cognizable. *See, e.g., Paul v. Davis*, 424 U.S. 693, 699-701 (1976); *Franklin v. State of Oregon,* 662 F.2d 1334, 1344 (9th Cir. 1981).

Plaintiff alleges that "Defendant Haskins and/or Defendant Harris" violated his Fifth and Sixth Amendment rights when they began badgering him after he requested an attorney, resulting in emotional distress. With respect to any custodial interrogation where these Defendants might not have provided Plaintiff with proper *Miranda* warnings, the "Constitution and laws of the United States do not guarantee [Plaintiff] the right to Miranda warnings. They only guarantee him the right to be free from

6 - ORDER TO DISMISS

self-incrimination." *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976). Where Plaintiff claims he was not criminally charged with any crime stemming from this apparent interrogation, he cannot state a Fifth Amendment claim, nor can he state a Sixth Amendment right to counsel claim. *Texas v. Cobb*, 532 U.S. 162 (2001).

Finally, Plaintiff contends that unidentified EPA Defendants violated his Fourth Amendment rights when they entered his rented garage to clean up a mercury spill, actions that caused him emotional distress and the loss of his mercury. As with many of his claims, Plaintiff does not describe how any named Defendant personally participated in the deprivation he alleges. Even if he did, the Court finds the claim as pled to be frivolous.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#1) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order.

7 - ORDER TO DISMISS

Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 20th day of March, 2019.

_____
Michael H. Simon
United States District Judge