IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON PAUL SCHAEFER,

        Plaintiff,

    v.

DETECTIVE HARRIS, et al.,

        Defendants.

Case No. 3:18-cv-02224-SI

ORDER

SIMON, District Judge.

This prisoner civil rights case comes before the Court on Plaintiff's Motion for Reconsideration (#22). For the reasons that follow, the Motion is denied.

## DISCUSSION

On February 12, 2019, the Court advised Plaintiff that if he wished to continue with this case, he must show cause why his Complaint should not be summarily dismissed. Specifically, the Court advised him that many of his claims surrounding issues of

1 - ORDER

search, seizure, interrogation, arrest, and his confinement appeared to improperly challenge the legality of his current confinement. The Court also noted that his claims of excessive force during the course of his arrest appeared to be the subject of another pending lawsuit (*Schaefer v. Chedester, et al.*, 3:18-cv-1734-SI), and that the Environmental Protection Agency ("EPA") is immune from suit.

Plaintiff timely responded to the Order, but on March 20, 2019, the Court concluded that taking all of Plaintiff's allegations as true, he failed to state a valid claim for pleading purposes. The Court nevertheless gave Plaintiff another opportunity to state a claim and specifically advised him that if he wished to continue with the case, he must file an amended complaint within 30 days curing the various deficiencies identified for him.

Plaintiff did not meet this deadline, and the Court's Order allowing an amended complaint was returned because Plaintiff did not register a proper address with the Court. On June 5, 2019, the Court noted the lack of a current address, and dismissed the action on this basis as well as Plaintiff's continuous failure to state a claim.

Plaintiff now asks the Court to reconsider its decision to dismiss his case. He claims that he received the Court's Order calling for an amended complaint, and responded by mailing a Motion for Extension of Time. He directs the Court's attention to a Motion for Extension of Time (#16) filed June 5, 2019, that is dated April 17, 2019 on the signature line.[1] He asks the Court to observe the prison mailbox rule to conclude that he timely filed his Motion for Extension of Time.[2]

As an initial matter, it is evident from the Court's receipt of Plaintiff's Motion for Extension of Time in June that he did not actually deliver it to correctional authorities for mailing in April. But even assuming he did, and further assuming the Court had granted the Motion, he sought a 45-day extension of time. His amended petition was originally due April 19, thus even with his extension (which he actually mailed well after his amended complaint was due), he would have been obliged to file his pleading by June 3, the very date the Court dismissed the action. Not only did Plaintiff not file an amended complaint by

---

[1]  Plaintiff also filed another Motion for Extension of Time (#20) one day later, which he dated June 2, 2019. The Court denied both Motions on the basis that it had already dismissed the action.

[2] Under the "prison mailbox rule," a *pro se* prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000) .

3 - ORDER

that date, but he still has not filed an amended complaint at all. Under no circumstance did Plaintiff comply with the Court's March 20 Order, thus reconsideration is not appropriate.

## CONCLUSION

Plaintiff's Motion for Reconsideration (#22) is denied. The Court shall not entertain any additional such motions in this case.

IT IS SO ORDERED.

DATED this _19th_ day of July, 2019.

Michael H. Simon
United States District Judge